UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL MICHAEL CAPE,

        Plaintiff,

        v.                         CAUSE NO. 3:21-CV-655-RLM-MGG

ST. JOSEPH COUNTY JAIL,

        Defendant.

OPINION AND ORDER

Paul Michael Cape, a prisoner without a lawyer, filed a complaint. ECF 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Cape alleges that the St. Joseph County Jail has committed theft by deducting funds from his account for items such as prescription medications, haircuts, and possibly court costs or restitution. Mr. Cape believes he is exempt from paying these expenses because the funds in his account were provided by his wife and weren't the result of earned income.

As an initial matter, Mr. Cape can't sue the facility itself. The jail is a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Additionally, Mr. Cape isn't entitled to free medical care. Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012).

Allegations about the loss of funds don't state a federal claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile."

2

<u>Hukic v. Aurora Loan Servs.</u>, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, any amendment to this complaint would be futile.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 8, 2021

s/ Robert L. Miller, Jr.

JUDGE

UNITED STATES DISTRICT COURT
